UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 14-cv-7999 |
| v. ) | |
| ) | Judge John W. Darrah |
| FUNDS IN THE AMOUNT OF $99,955, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

On October 14, 2014, the United States filed a Complaint for Forfeiture [1], seeking a forfeiture *in rem*, pursuant to 21 U.S.C. § 881(a)(6), for forfeiture of funds in the amount of $99,955. Claimant, Benito Perez, filed an Answer [11] on November 25, 2014. On August 12, 2015, the United States' Motion to Strike Claim and Answer of Claimant Benito Perez for Failure to Appear Pursuant to Court Order [25] was granted; and Claimant was found to be in default. Claimant has now filed a Motion to Vacate the Striking of Claimant's Answer and Entry of Decree of Forfeiture [33].[1] For the reasons stated below, that Motion [33] is denied.

## BACKGROUND

The parties agreed that a deposition of Claimant would be taken at the United States Attorneys' Office on June 23, 2015. (Dkt. 34, Exh. A ¶ 4.) On June 5, 2013, Claimant's attorney, Aaron Rosenblatt, made him aware of the deposition. (*Id.* ¶ 6.) After giving Claimant notice, Aaron Rosenblatt attempted to contact him several times by telephone. (*Id.*) Two telephone numbers had been provided by Claimant; one of the numbers was disconnected, and

---

[1] Claimant did not file a reply in support of his Motion.

Rosenblatt left voicemails on the other number. (*Id.*) Rosenblatt was present at the scheduled time and location for Claimant's deposition, but Claimant did not appear. (*Id.* ¶ 7.)

On June 24, 2015, the Government filed a Motion to Compel Claimant Benito Perez to Appear for Deposition. (Dkt. 22.) After Rosenblatt was made aware of the motion, he engaged in discussions with the Assistant United States Attorney and agreed to a new deposition date of July 10, 2015. (Dkt. 34, Exh. A ¶ 9.) They also came to an agreement that Rosenblatt's appearance at the hearing would not be necessary. (*Id.* ¶¶ 9, 12.) Between June 23, 2015, and June 30, 2015, Rosenblatt made several attempts to contact Claimant by telephone and through certified first-class mail at the address provided by Claimant. (*Id.* ¶ 10.) Rosenblatt also informed the Government that he had been unable to reach his client despite repeated attempts. (*Id.* ¶ 9.) On June 30, 2015, Magistrate Judge Martin granted the Government's Motion to Compel; and Claimant was ordered to appear for his deposition on July 10, 2015. (Dkt. 24.)

After Magistrate Judge Martin's order, Rosenblatt sent a certified letter to Claimant, giving him notice of the July 10, 2015 deposition date. (Dkt. 34, Exh. A ¶ 13.) Rosenblatt also made numerous attempts to contact Claimant by the telephone numbers but never reached Claimant and never heard back from Claimant. (*Id.*) Rosenblatt informed the Government that he had been unable to reach his client and did not expect Claimant to be present at the July 10, 2015 deposition. (*Id.* ¶ 14.) After learning of the Government's intention to file a motion to strike the claim and answer, Rosenblatt sent Claimant a certified letter, on July 27, 2015, informing Claimant of the Government's intent. (*Id.* ¶ 16.) The mail card was returned as accepted by Claimant on August 3, 2015. (*Id.* ¶ 16.) On August 5, 2015, Rosenblatt sent a certified letter to the same address, informing Claimant of Rosenblatt's inability to contact

Claimant. (*Id.* ¶ 17.) This letter was returned unclaimed. (*Id.*) Rosenblatt avers that at all times he used the address and phone numbers provided by Claimant. (*Id.* ¶ 19.)

## LEGAL STANDARD

"The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Under Federal Rule of Civil Procedure 60 the court may relieve a party from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

## ANALYSIS

Claimant requests that the Court vacate its orders vacating Claimant's Answer and Claim and finding Claimant in default. Claimant does not give any explanation for missing the deposition scheduled for June 23, 2015. Claimant does argue that he failed to appear for the rescheduled July 10, 2015 deposition because he was not made aware of it. However, this assertion is directly contradicted by his former attorney's affidavit.[2] Rosenblatt sent a certified letter to Claimant, giving him notice of the July 10, 2015 deposition date. (Dkt. 34, Exh. A ¶ 13.) Rosenblatt also made numerous attempts to contact Claimant by the telephone numbers that Claimant provided but never reached Claimant and never heard back from Claimant. (*Id.*) Claimant's assertion of excusable neglect is unfounded.

If a party fails to comply with a court's order to provide or permit discovery, a court may impose sanctions. Fed. R. Civ. P. 37(b)(2)(A). Those sanctions include "striking pleadings in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(iii). "The entry of a dismissal or default judgment under Rule 37 requires a showing of 'willfulness, bad faith, or fault' on the part of a non-

---

[2] Claimant does not provide an affidavit of his own.

complying party." *Hindmon v. Nat'l-Ben Franklin Life Ins. Corp.*, 677 F.2d 617, 620 (7th Cir. 1982). The Seventh Circuit has "not resolved definitively whether a finding of willfulness must be premised on clear and convincing evidence or simply a preponderance." *Watkins v. Nielsen*, 405 F. App'x 42, 44 (7th Cir. 2010). Claimant willfully violated the discovery orders under either standard. Rosenblatt's affidavit shows that he repeatedly attempted to contact Claimant, by telephone and certified mail, in order to inform Claimant about the depositions and about the Government's motion to vacate his Answer and claim. Claimant gives no explanation for failing to appear or for failing to contest the motion.

"Once the court makes [a finding of willfulness, bad faith, or fault], the sanction imposed must be proportionate to the circumstances." *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009) (citing *Maynard v. Nygren*, 372 F.3d 890, 892-93 (7th Cir. 2004); *Melendez v. Ill. Bell Tel. Co.*, 79 F.3d 661, 672 (7th Cir. 1996)). Claimant was given two chances to participate in the requested deposition, and he was ordered to participate in one of those chances. Claimant made no effort to appear and made no effort to respond to, or get in touch with, his attorney. Claimant argues that disproportionate sanctions, in and of themselves, serve as good cause to vacate orders.[3] However, vacating the Answer and claim, while harsh, is appropriate where Claimant willfully disregarded a court order, failed to comply with a motion to compel, and failed to provide discovery. *See United States v. Approximately $4,734 U.S. Currency*, 280 F.R.D. 448, 450-51 (E.D. Wis. 2011).

---

[3] For this proposition, Claimant cites *Redfield v. Continental Casualty Corp.*, 818 F.2d 596 (7th. 1987). However, *Redfield* involves the timely filing of an appeal under Federal Rule of Appellate Procedure 4. Further, that case does not hold that disproportionate punishment equats to good cause.

Claimant also argues that he would be unduly prejudiced by not vacating the Decree of Forfeiture entered on August 12, 2015. The Decree of Forfeiture has not been entered. Claimant was found to be in default on August 12, 2015. For all the reasons set forth above, Claimant has not shown good cause to set aside the finding of default; nor has Claimant shown mistake, inadvertence, surprise, or excusable neglect.

## CONCLUSION

For the reasons discussed above, Motion to Vacate the Striking of Claimant's Answer and Entry of Decree of Forfeiture [33] is denied.

Date: October 29, 2015

JOHN W. DARRAH
United States District Court Judge